JTW: 04.08.24
PCM/KD USAO #2024R00052

USDC- BALTIMORE
'24 APR 10 PM 2:35

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. **BAH-24-065** |
| | * | |
| **TAREEK TORBIT,** | * | (Conspiracy to Possess Machineguns, |
| **XZAVION COUPLIN,** | * | 18 U.S.C. § 371; Unlawful Possession |
| **ALPHONSO JONES,** | * | of Machineguns, 18 U.S.C. § 922(o); |
| **MARCUS JOYNER, and** | * | Possession of Firearms and |
| **MICAH WHITE** | * | Ammunition by a Prohibited Person, |
| | * | 18 U.S.C. § 922(g); Conspiracy to |
| Defendants. | * | Possess Controlled Substances with the |
| | * | Intent to Distribute, 21 U.S.C. § 846; |
| | * | Possession with the Intent to Distribute |
| | * | Controlled Substances, 21 U.S.C. § |
| | * | 841(a); Conspiracy to Possess |
| | * | Firearms in Furtherance of Drug |
| | * | Trafficking, 18 U.S.C. § 924(o); |
| | * | Possession of Firearms in Furtherance |
| | * | of Drug Trafficking, 18 U.S.C. § |
| | * | 924(c); Forfeiture, 18 U.S.C. § 924(d), |
| | * | 21 U.S.C. § 853, 26 U.S.C. § 5872, and |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |
| | * | |

*******

## SECOND SUPERSEDING INDICTMENT

### COUNT ONE
(Conspiracy to Possess Machineguns)

The Grand Jury for the District of Maryland charges that:

Beginning on a date unknown to the Grand Jury, and continuing until on or about the date of this Second Superseding Indictment, within the District of Maryland, the Defendants,

**TAREEK TORBIT,**
**XZAVION COUPLIN,**
**ALPHONSO JONES,**
**MARCUS JOYNER, and**
**MICAH WHITE**

and others known and unknown to the Grand Jury, did knowingly and unlawfully combine, conspire, agree, and confederate with each other to commit offenses against the United States, that is, to knowingly and willfully engage in unlawfully possessing machineguns, in violation of Title 18, United States Code, Section 922(o).

18 U.S.C. § 371

## COUNT TWO
### (Unlawful Possession of Machineguns)

The Grand Jury for the District of Maryland further charges that:

On or about January 19, 2024, in the District of Maryland, the Defendants,

**TAREEK TORBIT,
ALPHONSO JONES, and
MARCUS JOYNER,**

knowingly possessed machineguns as defined in 26 U.S.C. § 5845(a), that is, three blue conversion devices, two gold conversion devices, two black conversion devices, and one silver conversion device, designed and intended to shoot automatically more than one shot, without manually reloading, by a single function of the trigger, in violation of Title 18, United States Code, Section 922(o).

18 U.S.C. § 922(o)
26 U.S.C. § 5845(a)

## COUNT THREE
**(Possession of Firearms and Ammunition by a Prohibited Person)**

The Grand Jury for the District of Maryland further charges that:

On or about January 19, 2024, in the District of Maryland, the Defendants,

**TAREEK TORBIT, and
ALPHONSO JONES,**

knowing they had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms and ammunition, that is, a Glock Model 26, Gen 5, 9mm automatic pistol, bearing serial number AESS440; a Glock Model 23, .40 caliber semi-automatic pistol, bearing serial number BCSL501; a Diamondback Arms Inc. Model DB15, 5.56x45mm NATO semi-automatic pistol, bearing serial number DB2901791; 19 rounds of .40 caliber ammunition; and 29 rounds of 9mm ammunition; and the firearms and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)

## COUNT FOUR
### (Conspiracy to Possess Controlled Substances with the Intent to Distribute)

The Grand Jury for the District of Maryland further charges that:

Beginning on a date unknown to the Grand Jury, and continuing until on or about the date of this Second Superseding Indictment, in the District of Maryland and elsewhere, the Defendants,

**TAREEK TORBIT,
ALPHONSO JONES, and
MARCUS JOYNER,**

did knowingly combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury to distribute and possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine base, commonly known as crack, a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

21 U.S.C. § 846

## COUNT FIVE
### (Possession with the Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about January 19, 2024, in the District of Maryland, the Defendants,

**TAREEK TORBIT,**
**ALPHONSO JONES, and**
**MARCUS JOYNER,**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of amount cocaine base, commonly known as crack, a Schedule II Controlled Substance.

21 U.S.C. § 841(a)(1)

## COUNT SIX
### (Conspiracy to Possess Firearms in Furtherance of Drug Trafficking)

The Grand Jury for the District of Maryland further charges that:

Beginning on a date unknown to the Grand Jury, and continuing until on or about the date of this Second Superseding Indictment, in the District of Maryland and elsewhere, the Defendants,

**TAREEK TORBIT,
ALPHONSO JONES, and
MARCUS JOYNER,**

did conspire to possess firearms in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, possession with the intent to distribute crack cocaine, as charged in Count Five of this Second Superseding Indictment, which is incorporated by reference herein.

18 U.S.C. § 924(o)

## COUNT SEVEN
### (Possession of Firearms in Furtherance of Drug Trafficking)

The Grand Jury for the District of Maryland further charges that:

On or about January 19, 2024, in the District of Maryland, the Defendants,

**TAREEK TORBIT,**
**ALPHONSO JONES, and**
**MARCUS JOYNER,**

did knowingly possess firearms, that is, a Glock Model 26, Gen 5, 9mm automatic pistol, bearing serial number AESS440; a Glock Model 23, .40 caliber semi-automatic pistol, bearing serial number BCSL501; a Diamondback Arms Inc. Model DB15, 5.56x45mm NATO semi-automatic pistol, bearing serial number DB290179, in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, possession with the intent to distribute crack cocaine, as charged in Count Five of this Second Superseding Indictment, which is incorporated by reference herein.

18 U.S.C. § 924(c)(1)(A)

## COUNT EIGHT
**(Possession with the Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about March 21, 2024, in the District of Maryland, the Defendant,

**MICAH WHITE,**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of 4-ANPP (4-Anilino-N-Phenethylpiperidine), commonly known as fentanyl, a Schedule II Controlled Substance.

21 U.S.C. § 841(a)(1)

## COUNT NINE
### (Possession of a Firearm in Furtherance of Drug Trafficking)

The Grand Jury for the District of Maryland further charges that:

On or about March 21, 2024, in the District of Maryland, the Defendant,

### MICAH WHITE,

did knowingly possess firearms in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, possession with the intent to distribute 4-ANPP (4-Anilino-N-Phenethylpiperidine) commonly known as fentanyl, as charged in Count Eight of this Second Superseding Indictment, which is incorporated by reference herein.

18 U.S.C. § 924(c)(1)(A)

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. 853, 26 U.S.C. 5872(a), and 28 U.S.C. § 2461(c), in the event of the Defendants' convictions under Counts One through Nine of this Second Superseding Indictment.

### Narcotics Forfeiture

2. Upon conviction of the offense(s) alleged in Counts Four, Five, or Eight, of this Second Superseding Indictment, the Defendants,

**TAREEK TORBIT,**
**ALPHONSO JONES,**
**MARCUS JOYNER, and**
**MICAH WHITE,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

   a. any property constituting, or derived from, any proceeds obtained directly or indirectly, as the result of such offense(s); and

   b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense(s).

### Firearms and Ammunition Forfeiture

3. Upon conviction of the offense(s) alleged in Counts One through Three, Six, Seven or Nine, of this Second Superseding Indictment, the Defendants,

**TAREEK TORBIT,**
**XZAVION COUPLIN,**
**ALPHONSO JONES,**
**MARCUS JOYNER, and**
**MICAH WHITE**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872(a), and 28 U.S.C. § 2461(c), any firearms and ammunition involved in those offenses.,

### Property Subject to Forfeiture

4. The property subject to forfeiture includes, but is not limited to:

   a. a forfeiture money judgment in the appropriate amount;

   b. a Glock Model 26, Gen 5, 9mm automatic pistol, bearing serial number AESS440;

   c. a Glock Model 23, .40 caliber semi-automatic pistol, bearing serial number BCSL501;

   d. a Diamondback Arms Inc Model DB15, 5.56x45mm NATO semi-automatic pistol, bearing serial number DB2901791;

   e. approximately eight machinegun conversion devices;

   f. approximately 19 rounds of .40 caliber ammunition;

   g. approximately 29 rounds of 9mm ammunition;

   h. a privately made firearm, a .556 caliber AR-type pistol with no serial number;

   i. a Glock 21 Gen 4 model .45 caliber pistol bearing serial number AEH0018; and

   j. approximately $4,600 in U.S. currency seized from Defendant **WHITE**'s residence on or about March 21, 2024.

### Substitute Assets

3. If, as a result of any act or omission of the Defendants, any of the property described above as being subject to forfeiture:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
26 U.S.C. § 5872(a)
28 U.S.C. § 2461(c)

Erek L. Barron,
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

04-10-24
Date

13